**CC: USM**
**E-Filed: 02/09/2009**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR 08-682-GHK |
| )  Plaintiff, ) | ORDER DENYING BAIL PENDING APPEAL |
| vs. ) | |
| ) CHUL KYOON HAN, ) | |
| )  Defendant. ) | |

This matter is before us on defendant's Motion for Bail Pending Appeal. We have considered the briefing in support of and in opposition to said motion. We rule as follows:

I. Background

On November 3, 2008, we sentenced defendant to, among other things, the custody of the Bureau of Prisons ("BOP") for imprisonment for a term of 36 months. We ordered defendant to surrender to either the BOP or the United States Marshal by noon on January 12, 2009. Subsequently, we granted defendant's application for an order extending his surrender to February 12, 2009. To date, defendant has not been in custody on this conviction.

On January 6, 2009, defendant's current counsel filed this Motion for Bail Pending Appeal. He claims that the 36-month term of

incarceration is an unwarranted upward variance from the guideline range,[1] and is excessive for various reasons, including that the parties agreed that they would recommend that the court sentence defendant to 21 months.[2]

II.   Discussion

In order to qualify for release pending appeal, defendant must satisfy the requirements of 18 U.S.C. § 3143(b), which states in pertinent part as follows:

> (b) Release or detention pending appeal by the defendant --
> (1) . . . the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed

---

[1] The parties agreed that the offense level should be 16, after acceptance of responsibility.  We agreed with that calculation.  Although the motion initially argued that grounds for appeal included challenges to the guideline calculation as well as a purported four level enhancement for role in the offense, counsel recognized in his reply that these arguments are ill-conceived inasmuch as we did not assess a role enhancement, and the parties had agreed with the court's offense level calculation.  Ultimately, we calculated the guideline range of 24-30 months based on an offense level of 16 and a criminal history category of II.  The parties had no agreement on defendant's criminal history category, and defendant does not challenge the assignment of criminal history II on this motion despite the fact that he had interposed a wholly conclusory and unsupported objection (Objections By Chul Kyoon Han To The Pre-Sentence Report at 1), which we overruled at sentencing.

[2] Although the Government did recommend 21 months in its sentencing position papers (Government's Response to PSR, at 3, n.3), the plea agreement itself did not bind the Government to such recommendation.  It merely said that the Government would recommend, if certain conditions not relevant here are met, the low end of the guideline range so long as the offense level is 16, and because there is no agreement on the criminal history category, if the low end is at least 21 months.  (Plea Agreement for Chul Kyoon Han, paragraph 21(f) at 22).  Here, if the criminal history category had been I, the low end would have been 21 months.  However, we determined that the criminal history category is II.  Thus 24 months is the low end of the guideline range.

2

```
                an appeal . . . be detained, unless the judicial
                officer finds --
                (A) by clear and convincing evidence that the person
                is not likely to flee or pose a danger to the safety
                of any other person or the community if released . . .
                and
                (B) that the appeal is not for the purpose of delay
                and raises a substantial question of law or fact
                likely to result in --
                     (i) reversal,
                     (ii) an order for a new trial,
                     (iii) a sentence that does not include a term of
                imprisonment, or
                     (iv) a reduced sentence to a term of imprisonment
                     less than the total of the time already served
                     plus the expected duration of the appeal process.
```

In this case, the government does not dispute that § 3143(b)(1)(A) is satisfied. It argues that defendant has not satisfied § 3143(b)(1)(B). Because we agree that defendant has not satisfied § 3143(b)(1)(B), we do not decide whether defendant has satisfied § 3143(b)(1)(A) at this time.

As to the sub-parts of § 3143(b)(1)(B), it appears that defendant is only arguing the applicability of sub-part (iv). Indeed, because this conviction was based on a guilty plea which is not challenged on this appeal (Notice of Appeal challenging the sentence only), sub-parts (i) and (ii) are not applicable. Moreover, inasmuch as defendant's claim is that he should have been sentenced to 21, not 36, months of imprisonment, sub-part (iii) is likewise inapplicable.

Even as to sub-part (iv), we conclude that defendant has not raised a substantial question of law or fact that is likely to result in a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process. For the reasons we set forth at the sentencing, we conclude that it is not debatable as to whether we properly sentenced defendant to 36 months imprisonment, an upward variant from the advisory guideline

range of 24 to 30 months imprisonment.  Moreover, even if we assumed *arguendo* that defendant would prevail on appeal and ultimately receive a 21-month sentence, we are required to order his release from detention only at the expiration of the likely reduced sentence. § 3143(b)(1)(last paragraph).  In this case, defendant has not served any time in custody arising from this conviction.  Even if he prevails on appeal, he would only be entitled to release from detention once he has served 21 months in prison.  We are confident that this appeal will be resolved before the expiration of a 21-month sentence, even with any potential good time credits.  According to the latest statistics, the median time between filing of notice of appeal to final disposition for criminal appeals in the Ninth Circuit is 12.7 months.  See Administrative Office of the United States Courts, *Judicial Business of the United States Courts*, Table B-4A (2007) *available at* http://www.uscourts.gov/judbus2007/contents.html.

   III. Conclusion

   Based on the foregoing, we deny defendant's Motion for Bail Pending Appeal.  Defendant shall surrender himself by noon on February 12, 2009, as previously ordered.

   IT IS SO ORDERED.

   DATED: February 9, 2009.

                                    _____
                                    George H. King
                                    United States District Judge